IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHONDA JOAN MATTHEWS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:15-cv-169-O-BL |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | § § § § § | |
| Defendant. | § § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge issued a Report and Recommendation ("R&R") (ECF No. 16) in this case. The Magistrate Judge recommended that the Commissioner's decision be affirmed and the complaint be dismissed. R&R, ECF No. 16. Plaintiff filed objections. *See* Pl.'s Obj. R&R, ECF No. 21. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. Having reviewed the Motion, the applicable law, and the record before the Court, the Court finds the Report and Recommendation in this case is hereby **ACCEPTED**.

**I.   BACKGROUND**

Matthews filed an application for disability insurance benefits under Title II of the Social Security Act on May 25, 2011. Admin. Record ("Decision") Ex. 1A (Disability Determination Transmittal) App. 97, ECF No. 8-4. An Administrative Law Judge ("ALJ") denied Matthews's application on August 18, 2011, and her letter of reconsideration on November 28, 2011. Decision Ex. 5B, App. 102-110, ECF No. 8-5. The Magistrate Judge found that the ALJ properly evaluated

1

Matthews's application pursuant to the sequential five-step analysis to arrive at this decision and the ALJ did not err in assigning the apportioned weight to Matthews's treating physicians' opinions. R&R 1-2; 7-10, ECF No. 16. Moreover, the Magistrate Judge found substantial evidence to support the ALJ's functional capacity assessment. *Id.* at 4-7. Therefore, the Magistrate Judge recommended that the Commissioner's decision be affirmed and Plaintiff's complaint dismissed with prejudice. *Id.* at 19.

Matthews objects to the Magistrate Judge's Report and Recommendation on the following grounds: (1) the decision to deny social security disability coverage was not supported by substantial evidence; (2) the Magistrate Judge erred in finding that the ALJ gave proper consideration to the opinion of the treating physicians, including the chiropractor's medical opinion; (3) that the ALJ failed to give enough weight to the vocational expert's testimony; (4) the Appeals Council did not properly consider the case and evidence before them; and (5) the Appeals Council should have considered a letter Matthews sent to them as new evidence, and had they done so, the Council would have overruled the ALJ's decision. Pl.'s Obj. R&R 1-3, ECF No. 21.

## II.  LEGAL STANDARDS

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, re-try the issues, or substitute its own judgment, but rather, scrutinizes the

record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). "The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices." *Carrier v. Sullivan*, 944 F.2d 105, 109 (5th Cir. 1991).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is disabled or not disabled, the evaluation does not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) the medical severity of the claimant's impairments; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) the claimant's residual functional capacity and past relevant work; and (5) whether the combination of the claimant's residual functional capacity, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *See id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct a residual functional capacity assessment ("RFC"). *Id.* § 404.1520(e).

The scope of judicial review of a decision under the supplemental security income program is identical to that of a decision under the social security disability program. *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985). Moreover, the relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income. *See id.* Thus, the

Court may rely on decisions in both areas without distinction in reviewing an ALJ's decision. *See id.*

## III. ANALYSIS

Matthews argues that the ALJ's decision is not supported by substantial evidence. Pl.'s Obj. R&R 10-11, ECF No. 21. Matthews further objects that the ALJ improperly rejected medical opinion evidence, and failed to consider all of Matthews's vocational expert's testimony at a hearing. *Id.* 11-16.

The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Smith v. Chater*, 962 F. Supp. 980, 983 (N.D. Tex. 1997) (Fitzwater, J.). The record indicates the ALJ completed this task. The ALJ held a hearing, considered Matthews's relevant medical records, followed the five-step sequential evaluation process, and found that Matthews had the RFC to perform light work. Decision, App. 25-32, ECF No. 8-3.

Specifically, at step one, the ALJ found that Matthews had not engaged in substantial gainful employment activity since July 28, 2010. *Id.* at 30. At step two, the ALJ found that Matthews had severe impairments because of her multiple sclerosis, cervicalgia, and lumbago. *Id.* at 31. At step three, the ALJ found Matthews did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ found that Matthews had the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently. *Id.* at 32. The ALJ also found that Matthews could sit, stand, and/or walk for about six hours in an eight-hour workday and that she was not limited in pushing or pulling with her upper and lower extremities. *Id.* Furthermore, the ALJ found that Matthews had neither "manipulative, communicative, visual, or environmental limitations," nor "a severe mental impairment." *Id.* The ALJ found Matthews was able to return to her past relevant

work as an administrative assistant, accounts receivable clerk, and cost accounting clerk. *Id.* at 39. Therefore, the ALJ judge found Matthews was not disabled, as defined in the Social Security Act. *Id.* at App. 40.

### A.  The ALJ's Decision is Supported by Substantial Evidence.

Matthews contends that the ALJ's findings were not supported by substantial evidence. Pl.'s Obj. R&R, App. 10-11, ECF No. 21. If the ALJ's decision is supported by "substantial evidence," it must be affirmed. *Newton*, 209 F.3d at 452. "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Id.* (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The evidence shows that the ALJ considered the entire record.

The ALJ assigned little weight to Matthews's chiropractor's opinion because it did not qualify as an acceptable medical source. Def.'s Br. 7-8, ECF No. 14. The ALJ noted that Dr. Shah, Matthews's treating physician, made medical observations which countered his medical opinion that Matthews was disabled. Decision, App. 9-10, ECF No. 8-3. The ALJ also considered Matthews's credibility at the April 8, 2013 hearing and allowed testimony from her vocational expert. *Id.* at 2; 13-16. The ALJ considered Matthews's impairments from multiple sclerosis, cervicalgia, lumbago, and her physical ability to engage in basic work activities. *Id.* at 31. These impairments did not interfere with Matthews's basic activities of daily living, and the ALJ found that objective testing did not support any mental diagnosis that Matthews was limited by a mental impairment. *Id.* Thus, the ALJ found that neither of these supported Matthews's allegation that she had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR § 404.1520(d), 404.1525, and 404.1526. *Id.*

Moreover, the ALJ found good reason to reject Dr. Foster's opinion that Matthews could perform only sedentary work, and the ALJ considered Dr. Shaw's medical opinion. This evidence rises above a mere scintilla and there is not a conspicuous absence of credible evidence to support the Commissioner's decision. *Johnson*, 864 F.2d at 343-44. Finally, the reviewing Court is not in a position to re-weigh the evidence, try the issues, or substitute its own judgment. *Greenspan*, 38 F.2d at 236. Thus, the ALJ's position is supported by substantial evidence, and Matthews's objection is **OVERRULED**.

B. **The ALJ Did Not Err in Assigning Little Weight to Certain Medical Opinions.**

Matthews contends that the ALJ did not give enough weight to her treating physicians' medical opinions. Pl.'s Obj. R&R, App. 3-9, ECF No. 21. In general, an ALJ may reject the opinion of the treating physician "only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton*, 209 F.3d at 453. "Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, 'the ALJ has sole responsibility for determining a claimant's disability status.'" *Id.* at 455 (citing *Paul v. Shalala*, 29 F.3d 208, 2011 (5th Cir. 1994)). "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Id.* The SSA Regulations list factors an ALJ must consider before determining that a treating physician's opinion is not entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d)(2); *Newton*, 208 F.3d at 456. Specifically, the ALJ must consider: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *Id.*

"*Newton* requires only that the ALJ 'consider' each of the factors and articulate good reasons for its decision to accept or reject the treating physician's opinion. The ALJ need not recite each factor as a litany in every cases." *Jeffcoat v. Astrue*, No: 4:08-cv-672-A, 2010 WL 1685825, at *3 (N.D. Tex. April 23, 2010) (McBryde, J.). Thus, when opinions among examining physicians differ, the ALJ is free to reject physician opinions when the evidence supports a contrary conclusion. *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009); *Lopez v. Astrue*, 854 F. Supp. 2d 415, 423 (N.D. Tex. 2012) (McBryde, J.). "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456.

Here, in reaching his conclusion, the ALJ considered factors for rejecting the medical provider's opinion. Decision, App. 28, ECF No. 8-3; *see Myers v. Apfel*, 238 F.3d 617 (5th Cir. 2001). The ALJ noted that Dr. Foster had continued treating Matthews, but as a chiropractor, Dr. Foster was not an acceptable medical source under the social security regulations. *Id.* at App. 32-33; 38-39, ECF No. 8-3. The ALJ found that the medical evidence did not support Dr. Foster's determination because his form which contended that Matthews was limited to work at the sedentary exertional level did not include references to objective tests, nor did it show Matthews's treatments or any results from that treatment. *Id.* at App. 32, 38, 328, ECF No. 8-3; *Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding good reasons existed to give little weight to a treating physician's questionnaire opinion because it was brief, conclusory, lacked explanatory notes, examinations, and supporting objective tests); *Greenspan*, 38 F.3d at 237-38.

Thus, the ALJ was not required to give any weight to Dr. Foster's assessment, but he still considered the materials. *Thibodeaux*, 324 F. App'x at 445. The ALJ also found that Dr. Foster's

determination was inconsistent with the evidence and conflicted with the medical opinions of Drs. Samatunga and Durfor, state agency medical experts. Decision, App. 391-398; 420, ECF No 8-9. Dr. Kelvin Samaratunga, M.D. opined that Matthews could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk for about six hours in an eight-hour workday, sit for about six hours in an eight hour work day, and push and/or pull for with not limits. *Id.* at 392. He also found that Matthews had no manipulative, postural, visual, communicative, or environmental limits, before finding that Matthews's alleged limitations were not supported by record evidence. *Id.* at 393-396. State agency physician John Durfor, M.D. affirmed Dr. Samarantunga's assessment. *Id.* at 420. The ALJ also found that Dr. Foster's opinion was inconsistent with the Dr. Shah's progress notes from numerous examinations. Decision, at App. 32, 38, 328, ECF No. 8-3. The Court finds that the ALJ articulated good cause to reject Dr. Foster's opinion that Matthews could perform only sedentary work. *Newton*, 209 F.3d at 456.

The Court also finds that the ALJ adequately weighed Dr. Shah's medical opinion. Matthews contends that the ALJ failed to give weight to Dr. Shah's quotes taken from the "Present Illness" sections of Dr. Shah's records, but further examination revealed that these statements reflected Matthews's subjective complaints and that Dr. Shah documented these as Matthews's complaints, rather than Dr. Shah's medical opinions. Decision, App. 381-382, ECF No. 8-9. The ALJ evaluated Dr. Shah's information and gave them credible review. The ALJ did critique a letter from Liberty Mutual Insurance which challenged Dr. Shah's assertion that Matthews lacked all capacity to work because Dr. Shah opined in the same letter that Matthews's condition "remained stable." Decision App. 32-33; 428. Despite this, Matthews was not restricted in her ability to drive, and Dr. Shah did not refer her psychiatric treatment, rehabilitation or have any

change in MS therapy. *Id.* The ALJ explained his reasons for considering the Liberty Mutual Insurance letter and the ALJ's findings mirror the evidence in the record.

Because of the ALJ's evaluation, he was not required to provide a detailed recitation of § 404.1527(c)(2) factors. *Qualls*, 339 F. App'x at 467; *Jeffcoat v. Astrue*, 2010 WL 1685825 at *3. Thus the Court finds that the ALJ applied the appropriate legal standards here.

Therefore, the ALJ found good cause to disregard Matthews's treating physicians' opinions and this objection is **OVERRULED**.

**C.     The ALJ Did Not Err in Considering Matthews's Vocational Expert's Testimony.**

Matthews contends that the ALJ failed to give proper weight to her Vocational Expert's testimony. Pl's Obj. R&R 22, ECF No. 21. The ALJ did not consider the Vocational Expert's testimony at the hearing based on a hypothetical question that was inapplicable to Matthews's case. Decision, App. 92-95, ECF8-3. However, an ALJ need not consider the vocational expert's testimony when hypothetical questions are posed that are neither supported by the record's evidence nor reflect the disabilities recognized by the ALJ. *Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002). Furthermore, Matthews does not meet the burden of proof on proving four steps of the Commissioner's sequential evaluation process to show Matthews is disabled. *Greenspan*, 38 F.3d at 236. Further still, the ALJ considered and agreed with the vocational expert's opinion in the record that Matthews could "perform all of her past relevant work, based on relevant factors, including the assessed residual functional capacity . . . ." Decision, App. 39-40, ECF 8-3.

Accordingly, the Court finds that the ALJ properly evaluated the vocational expert's opinion and this objection is **OVERRULED**.

9

**D.  The Appeals Council ALJ Properly Considered the Evidence Before Denying Matthews's Request for Review.**

The Appeals Council denied Matthews's request for review of the ALJ's decision on January 14, 2015. Decision, App. 1-7, ECF 8-3.  The record indicates that the Appeals Council followed its procedure and considered all the evidence before it, including new evidence Matthews provided after the ALJ's decision.  *Id.* at 2.  The Appeals Council decided Dr. Shah's November 12, 2013, letter was "new information and is about a later time."  *Id.*  Likewise, the Appeals Council reasoned, since the ALJ decided Matthews's case through August 20, 2013, therefore "[the letter] does not affect the decision about whether [Matthews was] disabled beginning on or before August 20, 2013."  *Id.*  Thus, the Appeals Council found no basis for changing the ALJ's decision.  *Id.*

Matthews contends that the Appeals Council incorrectly "ruled against [her] due to [the ALJ's] claim that the Medical Statements and qualification from Dr. Shah was based on a letter signed on November 12, 2013, claiming this to be later than the decision made by the ALJ."  Pl.'s Obj. R&R 19, ECF No. 21.  Matthews's claims are contradictory because she argues later in her objection that "the letters and medical statements by Dr. Shah were prepared much earlier, and that the November 2013 letter was merely a summary of the facts already provided and submitted to the ALJ."  *Id.*  Finally, Matthews avers that "[t]aken as a whole, the new evidence is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination."  *Id.* at 21.  The Court disagrees with Matthews's assertions.

The Appeals Council followed its procedure to consider all evidence before it, even though appellate operations no longer require them to hold a detailed discussion of additional evidence.  *Higginbotham*, 405 F.3d at 335; *see* Hearings, Appeals, and Litigation Law Manual (HALLEX) § I-3-5-90, 2001 WL 34096367, at *1 (Sept. 8, 2005).  New evidence justifies a remand only if it is

material. *Moore v. Astrue*, No. 3-07-cv-2017-B, 2009 WL 5386134, at *3 (N.D. Tex. Nov. 13, 2009) (Kaplan, J.), *report and recommendation adopted*, 2010 WL 165992 (N.D. Tex. Jan. 13, 2010). Evidence is "material" if: (1) it relates to the time period for which the disability benefits were denied; and (2) there is a reasonable probability that it would have changed the outcome of the disability determination. *Id.* If new evidence is presented while the case is pending review by the Appeals Council, a court will review the record as a whole, including the additional evidence, to determine whether the Commissioner's findings are still supported by substantial evidence. *Id.*

Here, Matthews's new evidence is not material, it is "merely cumulative of evidence considered by the ALJ" of the symptoms by which Matthews suffered. *Moore*, 2009 WL 5386134, at *3. Dr. Shah's letter is a recitation of Matthews's overall treatment for multiple sclerosis. Decision, App. 8-9, ECF No. 8-3. The letter also lists the symptoms Matthews had in between her doctor visits and it ends with Dr. Shah reiterating his opinion that Matthews suffers from a disability. *Id.* Matthews's objection that this information was "prepared much earlier, and that the November 2013 letter was merely a summary of the facts already provided and submitted to the ALJ" only strengthens the Court's finding. Pl.'s Obj. R&R 19, ECF No. 21. Furthermore, even if assuming *arguendo* that the Council did not consider this letter, Matthews does not meet her burden to show "there is a reasonable probability that it would have changed the outcome of the disability determination" given the mountain of evidence to the contrary. *Moore*, 2009 WL 5386134, at *3; *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994). Accordingly, Matthews's objection to the Appeals Council's decision to deny review must be **OVERRULED.**

Because the Appeals Council properly reviewed all of the evidence from the ALJ and the new evidence Matthews submitted to them, they did not commit legal error. Likewise, because the ALJ's determination is supported by substantial evidence, Matthews's objections to the ALJ's

determination of her disability determination are **OVERRULED** and the Magistrate's Report and Recommendation is **AFFIRMED**.

## IV. CONCLUSION

Based on the foregoing analysis, the Court finds that the Magistrate Judge's Report and Recommendation in this case should be and is hereby **ACCEPTED** and the Plaintiff's case is **DISMISSED**.

**SO ORDERED** on this **17th day** of **March, 2016**.

*/s/ Reed O'Connor*
Reed O'Connor
UNITED STATES DISTRICT JUDGE